[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISQUALIFY
The plaintiff, Dileina Taverna, Inc., brings this motion to disqualify the law firm Tierney, Zullo, Flaherty Murphy, P.C. (Tierney Zullo) and any of its attorneys from representing the defendant, Norwalk Improvements, LLC. The plaintiff does business as the East Side Café (Café) in Norwalk, Connecticut. The defendant is the current owner of the property formerly occupied by the Norwalk Factory Outlet Mall. The Café is adjacent to the property owned by the defendant and the East Norwalk railroad station. There is a large parking area that is bounded by the Café, the property owned by the defendant and the railroad tracks. The plaintiff alleges that Tierney Zullo should be disqualified from representing the defendant because the plaintiff was formerly rep resented by the firm in a matter related to this action, thus creating a conflict of interest.
In 1997, the plaintiff retained Tierney Zullo to represent it in connection with its application for a variance before the Norwalk Zoning Board of Appeals. At that time, the plaintiff sought to open a new establishment on the second floor of the Café. It sought a variance to reduce the number of parking spaces required for the new establishment which was granted in view of the number of public parking spaces in the immediate area. The relationship between the plaintiff and Tierney Zullo terminated in August, 1997, shortly after the zoning board granted the variance.
In late 1997, the defendant retained Tierney Zullo to resolve zoning issues related to the development of its property. Pursuant to this representation, the defendant filed an application with the State Traffic Commission (STC) to re-align their driveway. In November 1998, Tierney Zullo notified the plaintiff that the firm represented Norwalk Improvement, LLC and the plaintiff retained the law firm of Wofsey, Rosen, Kweskin Kuriansky, LLP (Wofsey Rosen) because the plaintiff wanted to object to the defendant's application with the STC.[1] By written agreement dated November 17, 1998, the parties resolved the dispute related to the defendant's application with the STC. The agreement concerned the designation of certain parking spaces owned by the defendant for the patrons of the plaintiff's new establishment. Subsequently, disputes concerning the November 17, 1998 agreement arose between the parties, culminating in this action. According to the complaint, the plaintiff alleges that the defendant has breached the November 17, 1998 agreement by preventing the use of the parking spaces designated by the agreement. During each of these disputes the defendant was represented by Tierney Zullo and the plaintiff was represented by a number of firms including, Wofsey Rosen, John P. Ryan, Esq., and Cohen Wolf, P.C., the plaintiff's current attorneys. On November 13, 2000, the plaintiff filed a complaint against the defendant alleging that it CT Page 15929 breached and/or failed to perform the November 17, 2000, agreement and engaged in conduct that violates CUTPA. The plaintiff filed a motion to disqualify Tierney Zullo on the ground that Tierney Zullo's representation of the plaintiff in the variance application precludes the firm from representing the defendant because the firm's representation of the defendant creates a conflict of interest.
"The trial court has the authority to regulate the conduct of attorneys and has a duty to enforce the standards of conduct regarding attorneys."Bergeron v. Mackler, 275 Conn. 391, 397, 623 A.2d 489 (1993). "Disqualification of counsel is a remedy that serves to enforce the lawyer's duty of absolute fidelity and to guard against the danger of inadvertant use of confidential information. . . . In disqualification matters, however, [the court] must be solicitous of a client's right freely to choose his counsel . . . mindful of the fact that a client whose attorney is disqualified may suffer the loss of time and money in finding new counsel and may lose the benefit of its longtime counsel's specialized knowledge of its operations. . . . The competing interests at stake in the motion to disqualify, therefore, are: (1) the [plaintiff's] interest in protecting confidential information; (2) the [defendant's] interest in freely seeking counsel of their choice; and (3) the public's interest in the scrupulous administration of justice." (Citations omitted; internal quotation marks omitted.) Id., 397-98.
"In Connecticut, the Rules of Professional Conduct regulate the conduct of attorneys. Rule 1.9, relating to conflicts of interests regarding former clients, controls the [present] situation." Capozziello v.Capozziello, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 305428 (December 15, 1997, Kavanewsky, J.). Rule 1.9 provides:
"A lawyer who has formerly represented a client in a matter shall not thereafter:
 (a) represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interest of the former client unless the former client consents after consultation; or,
 (b) use information relating to the representation to the disadvantage of the former client except as Rule 1.6 would permit with respect to a client or when the information has become generally known."[2]
"Rule 1.9 is not so sweeping as to require an attorney's CT Page 15930 disqualification from representing a person whose interests are materially adverse to the interests of the former client. Rather, the rule bars an attorney from representing another person in the same orsubstantially related matter in which that person's interests are materially adverse to the interests of the former client." (Emphasis in original.) Capozziello v. Capozziello, supra, Superior Court, Docket No. 305428. "The substantial relationship test is a judicially created standard, first articulated in T. C. Theatre Corp. v. Warner Bros.Pictures, 113 F. Sup. 265, 268-69 (S.D.N.Y. 1953). "Connecticut has followed the Second Circuit in honing this test." Collins v. Collins,
Superior Court, judicial district of New Haven, Docket No. 424017 (July 12, 1999, Blue, J.) (25 Conn.L.Rptr. 96, 97). The test has been honed "in its practical application to grant disqualification only upon a showing that the relationship between the issues in the prior and the present cases is patently clear or when the issues are identical or essentially the same. . . . Once a substantial relationship between the prior and the present relationship is demonstrated, the receipt of confidential information that would potentially disadvantage a former client is presumed." (Citations omitted; internal quotation marks omitted.) Bergeron v. Mackler, supra, 225 Conn. 399. "The party moving to disqualify opposing counsel bears the burden of proof. (Internal quotation marks omitted.) Cooney Bainer, P.C. v. Milum, Superior Court, judicial district of New Haven at Meriden, Docket No. 246558 (June 20, 1995, Silbert, J.) (14 Conn.L.Rptr. 426, 428), aff'd,48 Conn. App. 916, 713 A.2d 921 (1998).
In the present case, Tierney Zullo's prior representation of the plaintiff involved the plaintiff's application for a variance related to parking spaces for the plaintiff's proposed utilization of the second floor of the café. Tierney Zullo's present representation of the defendant involves a breach of and/or failure to perform the November 17, 1998 agreement between the parties. The Supreme Court has stated that the mere appearance of impropriety "will not stand alone to disqualify an attorney in the absence of any indication that the attorney's representation risks violating the Rules of Professional Conduct"Bergeron v. Mackler, supra, 225 Conn. 399-400. Under the circumstances in the present case, no substantial relationship exists between the issues involved in the prior and present representations. Tierney Zullo's relationship with the plaintiff revolved solely around the 1997 variance application. The firm did not provide the plaintiff with any other services, either prior to or in the two and one half years after the variance was granted.
Accordingly, and for the foregoing reasons, the plaintiff's motion to disqualify Tierney Zullo is denied. CT Page 15931
The application for a temporary injunction will be heard before the undersigned in Courtroom 6D beginning on January 16, 2001 at 10:00 a.m.
RUSH, J.